IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

SANDRA QUESNOY,

        Plaintiff,　　　　　　　　　3:10-cv-1538-ST

    v.　　　　　　　　　　　　　　OPINION AND ORDER

STATE OF OREGON, DEPARTMENT OF
CORRECTIONS; CAPTAIN HEPLER, in his
individual capacity; MARY RAINES, in her
individual capacity; and ELIZABETH SUZANNE
SAZIE, M.D., in her individual capacity,

        Defendants.
_____

STEWART, Magistrate Judge:

    Quesnoy moves to strike portions of defendants' Response to Plaintiff's Motion for Partial Summary Judgment (docket # 47) as unsupported by the record (docket # 64). Her motion is granted in part and denied in part as follows:

1 – OPINION AND ORDER ON MOTION TO STRIKE

I. **First Motion to Strike**

Quesnoy moves to strike the section entitled "Mobility in Segregation" on pages 5-6 in its entirety as not based on any evidence in the record. That motion is granted in part as to the following factual contentions on page 6 for which there is no citation to the record:

> The cell that housed Quesnoy is the same size as the other DSU cells.
>
> In the experience of the DOC, inmates with limited mobility are able to move about most effectively in the DSU environment by using the grab handles without a walker. The use of a walker within the cramped space of a DSU cell creates more problems that it solves. Since the cell is so small, and since the walker has so little space to maneuver, the risk of injury is significant.
>
> In the cell, she "table surfed" using the grab handles.

Because the remainder of the section is merely argument, it is not stricken.

II. **Second Motion to Strike**

Quesnoy moves to strike the unsupported factual contention on page 9 that "[m]ost people in their 50s are affected by presbyopia. It is an annoyance of aging: it is not a serious disability." Because there is no citation to the record or other foundation for this contention, the motion is granted as to that contention.

III. **Third Motion to Strike**

Quesnoy moves to strike the second Declaration of Jana Wong (docket # 33) as lacking personal knowledge. Defendants have submitted this declaration as evidence of the size of Quesnoy's cell and her refusal of exercise opportunities while in the DSU. However, Wong has not shown that she has personal knowledge of all of the statements in her declaration, in particular paragraph 3 regarding exercise and shower opportunities. Although she may be able to verify the authenticity of the attached Unit E Utility Log as a CCCF record, it is not self-explanatory. It is not only ambiguous and difficult to interpret, but also is not supported by any

evidence as to who created it, who filled it out or when it was created. Moreover, the attachment should have been produced earlier in response to Quesnoy's requests for production. As a result, Quesnoy has been denied the opportunity to obtain discovery concerning this document. Therefore, the motion is granted as to paragraph 3 of the second Wong Declaration and its attachment.

Dated this 4th day of November, 2011.

s/ Janice M. Stewart<br>
Janice M. Stewart<br>
United States Magistrate Judge